UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD D. JOHNSTON,

          Plaintiff,

     v.

ATLANTIC CONTINGENCY CONSTRUCTORS, LLC, a Louisiana Limited Liability Company; GENERAL MECHANICAL, INC., a Washington corporation; and NESS & CAMPBELL CRANE, INC., a Washington corporation.

          Defendants.

CASE NO. C10-5643-JRC

ORDER REGARDING ORDER TO SHOW CAUSE

     This Court has jurisdiction over this issue pursuant to 28 U.S.C. § 636(c) on consent of the parties, (see Joint Status Report, ECF No. 21; Order on Consent, ECF No. 22), Fed. R. Civ. P. 73, and Local Magistrate Judges' Rules MJR 1 and MJR 13.

     This case is before this Court on the Court's Order to Show Cause why this case should not be remanded to state court for lack of subject matter jurisdiction. (ECF No. 16.) Defendant NESS & CAMBELL CRANE, INC., a Washington Corporation (hereinafter "Ness") has filed a response. (ECF No. 23.) The Court concludes that subject matter jurisdiction is proper over this

ORDER - 1

case because the personal injury allegedly arose from an incident on a federal enclave -- Fort Lewis.

## BACKGROUND

According to the Complaint (see ECF No. 1), plaintiff, RONALD D. JOHNSTON (hereinafter "Johnston"), was a civilian employee for the Public Works, O & M Division, Waste Water Plant, at the Fort Lewis Waste Water Treatment Plant in Fort Lewis, Pierce County, Washington. (ECF No. 1, at p. 13.) On or about April 5, 2009, plaintiff reported for work at the Fort Lewis Waste Water Treatment Plant. (Id. at 15.) While walking on the premises, plaintiff allegedly tripped over a length of cable that had been stretched across the walkway. (Id.) Plaintiff alleges that this cable was being used by defendants in conjunction with construction being done on the premises. (See id.) Plaintiff, among other allegations, alleges that each of the defendants were negligent in failing to provide a reasonably safe working and construction environment. (Id.) Plaintiff alleges various types of injuries and damages allegedly sustained as a direct and proximate result of defendants' negligence. (Id. at pp. 15-16.)

## PROCEDURAL HISTORY

On or about August 5, 2010, plaintiff filed a complaint against defendants in Pierce County Superior Court. (See ECF No. 1, at pp. 5-16.) On or about September 8, 2010, defendant Ness filed a Notice of Removal of Action. (See id. at pp. 1-3.) On December 1, 2010, this Court issued an Order to Show Cause why this case should not be remanded to state court for lack of subject matter jurisdiction. (ECF No. 16.) On December 13, 2010, defendant Ness filed its Response to Order to Show Cause. (ECF No. 23.) In its Response, Ness contends that removal is proper pursuant to 28 U.S.C. § 1331. No party has objected to the removal.

DISCUSSION

According to the United States Supreme Court, only "state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Whether or not federal-question jurisdiction is present "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. (*citing* Gully v. First National Bank, 299 U.S. 109, 112-13 (1936)). In addition, "[f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'" Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006) (*citing* 28 U.S.C. § 1331; Willis v. Craig, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (per curiam); Mater v. Holley, 200 F.2d 123, 125 (5th Cir. 1952)). For the purposes of federal question jurisdiction, federal enclaves exist where property is "purchased . . . . for the Erection of Forts." Willis, 555 F.2d at 726 (*quoting* U.S. Const. art. I, § 8, cl. 17).

In this case, plaintiff's complaint alleges that plaintiff suffered an injury on the grounds of the Fort Lewis Waste Water Treatment Plant. The Court concludes that Fort Lewis is a federal enclave. See Willis, 555 F.2d at 726; U.S. Const. art. I, § 8, cl. 17. The Court also concludes that federal question jurisdiction in this case is presented on the face of plaintiff's complaint, as the complaint alleges a tort claim that arose on a federal enclave. See Caterpillar, Inc., 482 U.S. at 392; Durham, 445 F.3d at 1250. Therefore, the Court possesses subject matter jurisdiction over this case, and this case need not be remanded to state court for lack of subject matter jurisdiction.

DATED this 20th day of December, 2010.

J. Richard Creatura
United States Magistrate Judge